FARMERS & MERCHANTS BANKING COMPANY v. CITY OF RED CLOUD.

FILED JULY 10, 1901.   No. 10,019.

Commissioner's opinion, Department No. 1.

Municipality May Recover Public Money Deposited by Officer in His Own Name. When an officer charged with the collection and custody of public money unlawfully deposits the same in a bank for safe-keeping, and the same is subject to the check or demand of such officer, the state, county or other municipal body for whom such officer acted may maintain an action in its own name to recover such deposit. *State v. Keim*, 8 Nebr., 63, overruled.

ERROR from the district court for Webster county. Tried below before BEALL, J. *Affirmed.*

*J. S. Gilham* and *Randolph McNitt*, for plaintiff in error.

*James McNeny* and *George R. Chaney, contra.*

DAY, C.

The city of Red Cloud brought this action against the Farmers & Merchants Banking Company to recover $6,087 alleged to be due it on account of city funds deposited in said bank by one Henry Cook, treasurer of said city. The principal error complained of is the overruling of defendant's demurrer to the amended petition and the rendition of a judgment against defendants for $5,349.17. The

facts alleged in the petition will sufficiently appear in the course of the opinion to make clear the point raised by the demurrer.

It is contended by the defendants that the deposit of the city funds in the bank by Cook, treasurer, was unauthorized and illegal, and in consequence thereof an action could not be maintained by the city for its recovery. In support of this contention the case of *State v. Keim,* 8 Nebr., 63, is cited, in which it was held that the state could not maintain an action against a bank to recover the money of the state, deposited in a bank by the state treasurer in violation of law, unless such act of the treasurer had been ratified by the legislature. Whether the plaintiff can maintain this action depends upon the extent to which *State v. Keim, supra,* is now to be considered as an authority in this state. In *McIntosh v. Johnson,* 51 Nebr., 33, the present chief justice, in commenting upon the principle announced in *State v. Keim, supra,* used the following language: "The writer by no means concedes that an illegal or unauthorized deposit of state money in a bank constitutes no cause of action in favor of the state to recover such money." In the case of *State v. Hill,* 47 Nebr., 456, 527, Justice Post says: "All [Nebraska cases mentioned] depend for their authority upon *State v. Keim;* but that case, although in this state accepted as an authoritative statement of the law, appears from a more careful analysis to rest upon premises wholly false, while the doctrine therein asserted has been, by a verdict practically unanimous, rejected in other jurisdictions. Reduced to the form of a syllogism the reasoning there employed may be thus stated: Public money, unlawfully loaned by an officer charged with its collection and safe keeping, can not, in the absence of an express ratification, be followed and recovered by the state, county or other public body. The deposit in bank for safe keeping, by an officer, of public money in his official custody is a loan thereof within the meaning of the Criminal Code. Therefore, public money can not be recovered in an action

against the bank in which it is deposited for safe keeping·
without an express ratification of such unlawful loan. The
subject might in view of the obvious fallacy of that argu-
ment be dismissed without further comment, but in view of
the importance of the controversy and the gravity of the
question involved, a reference to a few of the many author-
ities in conflict with the utterances of this court will be
here indulged. Mr. Mechem, in a note to section 922 of his
valuable work on Public Officers, after a careful review of
the authorities, intimates that *State v. Keim* stands alone
in denying to the state the right to recover upon the facts
reported, and adds that it 'is not consistent with reason
or authority if it was intended to hold that the state could
not recover the money at all.' And in *Wolffe v. State,* 79
Ala., 201, Chief Justice Stone, in criticising that case, de-
clares that it ignores 'the principle that an outsider, by
aiding in the misapplication of trust funds, knowing them
to be such, constitutes himself a trustee and must account
as trustee.' *San Diego County v. California Nat. Bank,* 52
Fed. Rep., 59, arose out of a state of facts quite similar to
*First Nat. Bank of South Bend, Ind., v. Gandy,* [11 Nebr.,
431]. There one D. made a deposit of money to his account
as county treasurer, there being no agreement that the iden-
tical money should be returned, and it was in fact mingled
with the funds of the bank. It was held, in an elaborate
opinion by Judge Ross, that the county could recover on
the ground that the bank was a mere trustee and was lia-
ble as such; and the principle there stated was distinctly
recognized by this court in the recent case of *Cady v. South
Omaha Nat. Bank,* 46 Nebr., 756, holding that trust funds
do not lose their character as such by being deposited in
bank to the trustee's own account, but may be followed
through any number of transformations and reclaimed by
the owner so long as they can be distinguished in the
hands of the trustee or his assignees." In this case, *State
v. Hill,* it was held that the "loans" of public money that
were prohibited by the statutes and made criminal acts
on the part of the officials making the loans include those

transactions only in which the conventional relation of borrower and lender exists, and have no application to the deposit in bank, for safe-keeping, of public funds by the custodian thereof who so far retains his control over them that they may be by him at any time reclaimed. And on page 540, Judge POST, at the close of the opinion, says: "And the cases mentioned, so far as they conflict with the rule herein stated, should be overruled." The allegations of the petition in the case before us show that the deposit in controversy was a demand deposit, made in the usual course of business and subject to the check and demands of Cook, the city treasurer, and was not a loan as that term is ordinarily used and understood in commercial transactions where the conventional relation of borrower and lender exists. In our view, the rule announced in *State v. Keim* is not supported by any sound principle of justice or reason; it has been criticised by our own court and censured by the courts of other states, and can no longer be said to be an authority in this state. We hold, therefore, that a cause of action was stated in the petition, and that the general demurrer was properly overruled, and in doing so expressly overrule the principle announced in *State v. Keim, supra.*

There is no evidence preserved by bill of exceptions, and the presumption must be indulged that on the merits of the case a proper judgment was rendered.

It is therefore recommended that the judgment be affirmed.

HASTINGS and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion the judgment of the district court is

AFFIRMED.

NOTE.—Embezzlement by public officer. *Cedar County v. Jenal,* 14 Nebr., 254; *State v. Knox,* 17 Nebr., 683; *Conley v. State,* 46 Nebr., 187; *State v. Hill,* 47 Nebr., 456; *Bolln v. State,* 51 Nebr., 582; *Bartley v. State,* 53 Nebr., 310; *Whitney v. State,* 53 Nebr., 287; *Moore v. State,* 53 Nebr.,

831. Embezzlement of public funds by a private person. *Mills v. State*, 53 Nebr., 263. In the *Jenal Case, supra*, the county treasurer turned over to his successor the funds in a bank which was universally considered a solvent institution. His successor received the money on deposit without a manual delivery. The bank failed. The county board elected to sue the old treasurer instead of the new. The *Jenal Case* is apparently overruled in the *Hill Case, supra*. In the *Knox Case, supra*, the justice, in refusing to issue a warrant in a case of embezzlement, was but following the ruling of the district judge who had sustained a demurrer to an indictment in the same form for the same offense. The case *State v. Knox* was brought by the ex-district attorney to test the correctness of the ruling by the district judge.— REPORTER.